IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-98-118-D |
| | ) | |
| ALONDO LAROYNE GAY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court are two *pro se* motions filed by Defendant requesting a reduction of his prison sentence pursuant to 18 U.S.C. § 3582(c)(2) [Doc. Nos. 134 & 137]. In addition, Defendant has filed a motion entitled, "Rule 32 Motion to Correct Clerical Error" [Doc. No. 136], which requests a change of the presentence investigation report to reduce the amount of cocaine base for which he was held accountable under the Sentencing Guidelines. The Federal Public Defender was appointed to represent Defendant for purposes of the motions, and has filed an Advisement [Doc. No. 140] to inform the Court of pertinent facts. These facts establish that the Court lacks authority to grant Defendant relief from his prison sentence.

Defendant pled guilty on August 6, 1998, to a single violation of 21 U.S.C. § 841(a)(1) involving the distribution of approximately 245 grams of cocaine base. At the time of his offense, the penalty was determined by § 841(b)(1)(A).[1] The final version of the presentence investigation report prepared for Defendant's sentencing held him accountable for a total amount of cocaine base of 9,636.88 grams for purposes of the Sentencing Guidelines computation. The sentencing judge

---

[1] Amendments made by the Fair Sentencing Act of 2010 are inapplicable. *See Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012) (Act applies to sentences imposed after August 3, 2010).

accepted this quantity, and imposed a prison sentence at the bottom of the guidelines range, a term of 262 months.

A sentence reduction under § 3582(c)(2) is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). *See United States v. Hodge*, 721 F.3d 1279, 1281 (10th Cir. 2013); *United States v. McGee*, 615 F.3d 1287, 1293 (10th Cir. 2010); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). To determine whether an amendment would lower the applicable guideline range, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [retroactive] amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). "In making such determination, the court shall substitute only the [retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Under these binding policy statements, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." *Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011).

In this case, applying Amendments 706 and 750 to the sentencing judge's original findings, Defendant is ineligible for relief from his 262-month sentence. This sentence was based on a quantity of cocaine base (9.6 kilograms) that far exceeds the maximum amount to which the amendments apply (8.4 kilograms). To the extent Defendant seeks relief from his sentence for reasons other than amendments to the Sentencing Guidelines, the Supreme Court has held that § 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2691 (2010). Where a defendant "seeks to correct aspects of his sentence that were not affected by the crack

cocaine amendments, 'they are outside the scope of the proceeding authorized by § 3582(c)(2).'" *United States v. Smith*, 510 F. App'x 720, 723 (10th Cir. 2013) (quoting *Dillon*, 130 S. Ct. at 2694). Therefore, the Court finds that it cannot grant the relief requested by Defendant's motion to amend his presentence report in a proceeding under § 3582(c)(2).

IT IS THEREFORE ORDERED that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. Nos. 134 & 137] and his "Rule 32 Motion" [Doc. No. 136] are DENIED.

IT IS SO ORDERED this 11th day of October, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE